## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

AUTOSCORES S.L.,

     Plaintiff,                        Case No.:

v.

NOAH A. JOHN; and
DEEP AUTOMOTIVE, INC.
f/k/a AUTOSCORES, INC.,

     Defendants.

_____/

## **COMPLAINT**

Plaintiff, AUTOSCORES S.L., a foreign corporation ("S.L." or "Plaintiff"), by and through its undersigned counsel, files this Complaint for Injunctive Relief, Declaratory Judgment and Damages against Defendants, NOAH A. JOHN, an individual ("JOHN"), and DEEP AUTOMOTIVE, INC., f/k/a AUTOSCORES, INC., a Florida corporation ("INC"), and states as follows:

### **Parties**

### *Plaintiff*

1.     Plaintiff S.L. is a foreign corporation organized and existing under the laws of Spain, with its principal place of business in Madrid, Spain. S.L.'s Tax Identification Number ("NIF") in Spain is B87184180.

2. Plaintiff has continuously maintained its principal place of business in the country of Spain since its organization.

*Defendants*

3. Defendant INC is a Florida corporation, with its principal place of business located in Orange County, Florida.

4. Defendant JOHN is an individual whose principal place of residence and citizenship is in Orange County, Florida.

## Jurisdiction and Venue

5. Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over this action because diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims and causes of action occurred in this District and Division, and Defendants are subject to personal jurisdiction in this District and Division.

## GENERAL ALLEGATIONS

### A. Formation of Autoscores

7. Beginning in or about 2012, David Alexis Pilo Mansión ("Pilo"), came up with the idea for software (hereinafter, "Software" or "Application") to be utilized by car dealerships, and began work thereon.

8.     In 2014, Pilo partnered with JOHN to work on the Software and form a company in Spain to market and sell it to car dealerships in Europe and in North America.

9.     Plaintiff S.L. was formed in Spain on or about January 5, 2015, and its business and affairs have been governed by the terms of its Constitution, dated January 2015.

10.     Pursuant to S.L.'s Constitution, JOHN is a Partner, and was elected as an Administrator (a/k/a Manager) of S.L.

11.     S.L. registered a trademark for "Autoscores" in Spain and the United States in 2015.

12.     Since S.L.'s formation, its shareholders and their respective ownership interests has been Pilo (28%), Alberto Pilo Zrihen ("Pilo Sr.") (24%), José-Ignacio Leal Arrom ("Leal") (24%), and Defendant JOHN (24%) (collectively, the "Shareholders").

13.     Between 2015 and 2016, Pilo and JOHN continued writing the Software for S.L.  In or about March 2017, S.L. obtained its first customer—a U.S. car dealership.

14.     From 2015 to January 2020, JOHN served as S.L.'s Chief Technology Officer ("CTO"), and received a salary for his services and work on S.L. technology,

including the development and coding of the Software, as well as the marketing and sale thereof.

15.    JOHN's salary, expenses for JOHN's travel and attendance at conferences and trade shows, and all of S.L.'s other business expenses, were paid solely by S.L. or advanced on S.L.'s behalf by another entity, Canalcar, S.A., ("Canalcar"), a foreign corporation organized and existing under the laws of Spain. Canalcar is owned by Pilo, Pilo Sr., and Leal.  JOHN has never held any ownership interest in Canalcar.

16.    Noah has never provided any financial capital contribution to S.L, loaned funds or otherwise contributed money to S.L, except for incurring certain minimal expenses which did not exceed $1,000.00.

**B. Formation of INC**

17.    In 2019, S.L. had both North American and European customers. JOHN asserted to the Shareholders that in order for S.L. to reach its full potential, it would be best to establish a presence in the U.S. to, among other things, invoice and service its North American customers.  JOHN advocated for the creation of INC to serve as S.L.'s operating entity in the United States.

18.    The Shareholders agreed in 2019 to form INC pursuant to JOHN's urging, believing that a U.S. based entity would help S.L. generate more revenue from customers in North America.

19.     JOHN proposed, and the other Shareholders agreed, that JOHN, who was the only Shareholder living in the United States, and the only United States citizen, would be primarily responsible for the formation of INC, and would be primarily responsible for S.L's North American Operations, through INC, while continuing to serve as CTO.  Further, S.L. would fund the startup costs and operational expenses of INC, including JOHN's salary and business related travel expenses.

20.     JOHN represented to the Shareholders that he would seek U.S. legal counsel to form INC.

21.     In December 2019, JOHN engaged U.S. legal counsel to assist with the formation of INC, and filed the articles of incorporation in Florida for AUTOSCORES, INC.

22.     In January 2020, all of S.L.'s North American customers' subscriptions and recurring revenues were migrated from S.L.'s billing and payments platform ("Stripe") to a Stipe account for INC, while all European customers stayed in S.L.'s Stripe account.

23.     The Shareholders, including JOHN, referred to S.L. and INC jointly as Autoscores (hereinafter, "Autoscores").

24.     In 2021, S.L. filed a Declaration of Use (or Excusable Nonuse) for its "Autoscores" trademark with the United States Patent and Trademark Office, in compliance with USPTA filing deadlines.

25.     S.L. is the owner of the trademark for "Autoscores" in Europe and the United States.

26.     S.L. funded, either directly or via advances from Canalcar, Autoscores' business expenses, including without limitation:

      i.     the purchase of the Autoscores.com domain and email addresses, which were subsequently used by INC;

      ii.     the servers and services needed to run Autoscores' business operations;

      iii.     Autoscores' marketing expenses; and

      iv.     INC's other startup costs and expenses.

27.     JOHN's salary and business related travel and expenses were funded by S.L. until JOHN began to withdraw a salary from the bank account utilized for INC's operations.

28.     The Autoscores Application/service has been utilized by S.L. since 2016, and by INC since it began operations in 2020.

29.     The Autoscores Software was marketable and functional, and sold by S.L. to its European and North American customers prior to the formation of INC.

Upon INC's formation, the Autoscores' Software was then sold by INC to Autoscores' North American customers.

30.    Prior to at least June 2022, JOHN did not provide funds for INC's startup costs or operational expenses, nor did JOHN provide funds for Autoscores' operations, loan funds to Autoscores, or make any capital contributions.

**C.    *JOHN's Fraud, Breaches of Fiduciary Duty and Claims to Sole Ownership of INC***

31.    INC was marketed and operated by JOHN as Autoscores until at least 2023.

32.    JOHN, as a Manager of S.L., CTO of Autoscores, and purported CEO of INC, routinely communicated with Pilo regarding the operations and business development of Autoscores in North America (via INC) and Europe (via S.L.).

33.    As a result of increasing revenues from Autoscores' North American customers, Autoscores' revenues between May and July 2022 were the highest monthly amounts since Autoscores' foundation in 2015.

34.    Now that INC had finally appeared to become profitable, Pilo contacted JOHN regarding distribution of profits to the Shareholders. In response, JOHN asserted for the first time on August 5, 2022 that he was the sole shareholder of INC and that S.L. had no interest in INC or any entitlement to revenues or profits generated therefrom.

35.     JOHN promptly deleted the emails and files for the email accounts associated with JOHN (noah@autoscores.com) and INC's employee, Kevin Jones (kjones@autoscores.com) and JOHN proceeded to take down the Autoscores app (app.autoscores.com) and Autoscores website (autoscores.com).

36.     Promptly following JOHN's claim to sole ownership of INC in August 2022, JOHN began providing Autoscores' services via a new domain, www.deepautomotive.com, terminating access by European customers of Autoscores and providing access solely to the North American customers. Autoscores customers in Europe have been denied access to the Autoscores Application since August 2022.

37.     JOHN removed Pilo's access to INC's Stripe account, removing Pilo's ability to see Autoscores' revenues from its North American customers.

38.     JOHN also created a new code repository on GitHub.com under the domain github.com/autoscores for the Autoscores website and changed the terms to reflect INC company details, and removing S.L.'s details without informing the Shareholders.

39.     On August 19, 2022, JOHN changed the name of INC from AUTOSCORES, INC. to DEEP AUTOMOTIVE, INC. with the Florida Division of Corporations without the authorization, knowledge or consent of S.L. or its Shareholders.

40.    JOHN continues to operate INC as DEEP AUTOMOTIVE, INC., and to utilize Autoscores' assets, including the Autoscores Software, for his exclusive personal benefit, and to the exclusion of S.L. or its Shareholders.

41.    Upon information and belief, JOHN has utilized INC's funds to pay personal expenses and non-business travel, and other unauthorized expenses.

42.    S.L. has suffered harm and damages in excess of $75,000, and it will continue to suffer harm by JOHN's unlawful actions.

43.    All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived.

44.    Plaintiff has retained Winderweedle, Haines, Ward & Woodman, P.A. to prosecute this action on its behalf, and is obligated to pay this firm a reasonable fee for its services.

## COUNT I – Declaratory Judgment

45.    This is an action by Plaintiff against Defendants for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and for necessary or proper relief based on a declaratory judgment or decree under 28 U.S.C. § 2202.

46.    Plaintiff realleges Paragraphs 1 through 44 as if fully set forth herein.

47.     Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, this Court has jurisdiction to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.

48.     Plaintiff is the sole and rightful owner of INC.

49.     JOHN has fraudulently listed himself as the sole-shareholder of INC, asserted that he is the sole and rightful owner of INC, maintained possession and control over INC despite Plaintiff's demands for its return.

50.     JOHN has changed the name of INC from Autoscores, Inc. to Deep Automotive, Inc., and changed its internet domain/address, in furtherance of JOHN's scheme to convert INC and its profits from Plaintiff.

51.     Thus, an actual, present and substantial controversy exists between the parties as to their respective rights, obligations, privileges and status as it pertains to INC, and Plaintiff has the right to have such doubt removed via a determination of the rightful ownership of INC.

52.     There is a useful purpose in clarifying and settling the legal relations as to the ownership and control of INC, as it would afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings

53.     A judicial declaration of the parties' rights is also necessary and appropriate for Plaintiff to be more certain of its right to secure injunctive relief against Defendants.

54.     Based on the foregoing, this Court has jurisdiction and power to declare the parties' rights as it pertains to the ownership and control of the stock of INC.

55.     All adverse interests are before the Court.

56.     The relief sought herein is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants:

A.     declaring Plaintiff to be the true beneficial and legal owner of all the shares of INC;

B.     requiring JOHN to turn over possession and control of INC and all its other property, books and records to Plaintiff;

C.     requiring JOHN to account for all income and expenditures of INC;

D.     requiring JOHN to disgorge any of INC's profits received by JOHN or distributed to him, and all other sums of money and items of personality belonging to Autoscores which he has converted to his own use;

E.     awarding damages against JOHN; and

F.     granting such other relief as the Court deems proper.

## COUNT II – Declaratory Judgment

57.    This is an action by Plaintiff against Defendants for declaratory judgment pursuant to the Florida Declaratory Judgment Act, Fla. Stat. § 86.011.

58.    Plaintiff realleges Paragraphs 1 through 44 as if fully set forth herein.

59.    JOHN has fraudulently declared himself as the sole-shareholder of INC, asserted that he is the sole beneficial and legal owner of INC, and has maintained possession and control over INC.

60.    JOHN has changed the name of INC from Autoscores, Inc. to Deep Automotive, Inc., and changed its internet domain/address, in furtherance of JOHN's scheme to control INC and retain its profits from Plaintiff.

61.    Thus, there is a bona fide, actual, and present need for a declaration regarding the ownership and control over INC; and the declaration deals with a present set of ascertainable facts.

62.    Plaintiff's power, privilege, and rights are dependent upon the law applicable to the facts.

63.    JOHN has alleged and asserted an adverse and antagonistic interest in INC, and that adverse and antagonistic interest is properly before the Court.

64.    The relief sought is not merely giving legal advice and is necessary to resolve an actual conflict between the parties.

65.    Plaintiff is also entitled to additional alternative, coercive, subsequent and supplemental relief in this action pursuant to Florida Statutes §86.011(2).

WHEREFORE, Plaintiff prays that the Court enter a declaratory judgment:

A.      finding that Plaintiff is the sole shareholder of INC;

B.      requiring JOHN to turn over possession and control of INC and all its other property, books and records to Plaintiff;

C.      requiring JOHN to account for all income and expenditures of INC;

D.      requiring JOHN to disgorge any of INC's profits received by JOHN or distributed to him, and all other sums of money and items of personality belonging to Autoscores which he has converted to his own use;

E.      awarding damages against JOHN; and

F.      granting such other relief as the Court deems proper.

## COUNT III – Breach of Fiduciary Duty

66.     This is an action by Plaintiff for damages against JOHN for breach of fiduciary duty.

67.     Plaintiff realleges Paragraphs 1 through 44, as if fully stated herein.

68.     As a partner, manager and officer of Plaintiff, and as a purported director and officer of INC, JOHN owed a duty of good faith, due care and loyalty, and to act in the best interest of Plaintiff and/or Autoscores.

69.     As a partner, manager and officer of Plaintiff, the company and its Shareholders reposed trust and confidence in JOHN, by giving him unfettered access

to all aspects of Autoscores' assets and operations. JOHN knew and accepted the trust and confidence which Plaintiff reposed in him.

70.     JOHN breached his duties to Plaintiff by engaging in self-dealing, misuse of corporate assets, or other actions that harmed Plaintiff and the other Shareholders by, among other things:

      a.     seizing control of INC to the exclusion of Plaintiff;

      b.     misappropriating Plaintiff's assets, including the Autoscores Software, with the intention of using same to compete with Autoscores;

      c.     deleting the emails and files for the email accounts associated with JOHN (noah@autoscores.com) and INC's employee, Kevin Jones (kjones@autoscores.com), and diverted all associated email traffic from Autoscores' North American Customers to himself and DEEP AUTOMOTIVE, INC. for use in competition with Autoscores;

      d.     taking down the Autoscores app (app.autoscores.com) and Autoscores website (autoscores.com);

      e.     providing Autoscores' services to its North American customers via a new domain, www.deepautomotive.com;

      f.     terminating access to the Autoscores Application by European customers and providing access solely to the North American customers;

      g.     removing Pilo's access to INC's Stripe account, removing Pilo's ability to see revenues from Autoscores' North American customers;

h.    creating a new code repository on GitHub.com under the domain github.com/autoscores for the Autoscores website and changed the terms to reflect INC company details, and removing Plaintiff's details;

i.    changing the name of INC from AUTOSCORES, INC. to DEEP AUTOMOTIVE, INC. with the Florida Division of Corporations;

j.    utilizing INC's funds to pay personal expenses and non-business travel, and other unauthorized expenses; and

k.    refusing to surrender control of INC to Plaintiff.

71.    JOHN continues to assert sole ownership and control of INC, to operate INC as DEEP AUTOMOTIVE, INC., and to utilize Autoscores' assets, including the Autoscores Software, for his personal benefit and to the exclusion of Autoscores.

72.    As a direct and proximate result of JOHN's breaches of fiduciary duty, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays that the Court:

A.    enter a judgment for damages in favor of Plaintiff and against JOHN;

B.    in addition, or in the alternative, enter a judgment in favor of Plaintiff and against JOHN for all compensation paid by Plaintiff to JOHN during the time period of JOHN's breach of his fiduciary duties, plus the amount of all distributions of profits paid to him by INC, as well as funds misappropriated by JOHN from INC for his personal use and benefit or for other non-business purposes;

C.     enter judgment for interest and court costs in favor of Plaintiff and against JOHN; and.

D.     Grant such other and further relief as the Court deems proper.

## COUNT IV - Fraud

73.    This is an action for damages by Plaintiff against JOHN for fraud, which damages exceed $75,000.

74.    Plaintiff realleges Paragraphs 1 through 44 as if fully stated herein.

75.    To induce Plaintiff to fund the startup and operational expenses of INC, continue to pay JOHN's salary, and otherwise provide funding and support necessary for INC's success, JOHN represented to Plaintiff's Shareholders that he would form INC as a wholly owned subsidiary of Plaintiff to conduct and expand Plaintiff's business operations in North America.

76.    In reality, JOHN's representations were false.

77.    JOHN knew those representations were false and intended that those representations would induce Plaintiff to provide the funding and support he requested; including without limitation, migrating Plaintiff's North American customers to a billing and payment platform controlled solely by JOHN.

78.    Plaintiff, in fact, reasonably relied upon those false representations.

79.    Plaintiff has been damaged as a result of its reliance on JOHN's false representations.

WHEREFORE, Plaintiff demands judgment against JOHN for damages, prejudgment interest, and such further relief as this Court deems just and proper.

## COUNT V – Constructive Fraud

80.     This is an action for damages by Plaintiff against JOHN for constructive fraud, which damages exceed $75,000.

81.     Plaintiff realleges Paragraphs 1 through 44 as if fully stated herein.

82.     As a Manager of Plaintiff, and an officer of Plaintiff and INC, JOHN owed a fiduciary duty to INC, Plaintiff and its Shareholders.

83.     JOHN provided services to Plaintiff and INC, was in a position of trust, and was specifically entrusted with the incorporation of INC as a wholly owned subsidiary of Plaintiff, the operations of INC, and possession of INC's books, records and accounts.

84.     JOHN abused his position of trust and violated his legal duties to Autoscores by his efforts to "steal" INC, its customers, assets and profits for himself.

85.      Plaintiff has been damaged as a direct and proximate result of the improper actions, breaches of trust, and breaches of legal duties by JOHN.

86.     Pursuant to Fla. Stat. §768.72, Plaintiff reserves the right to seek punitive damages upon presentation of record evidence sufficient to support same.

WHEREFORE, Plaintiff demands judgment for damages against JOHN, including all actual and consequential damages and, upon presentation of

appropriate record evidence, punitive damages, together with the costs and attorneys' fees of this action.

## COUNT VI – Conversion

87.    This is an action for damages by Plaintiff against JOHN for conversion, which damages exceed $75,000.

88.    Plaintiff realleges Paragraphs 1 through 44 as if fully stated herein.

89.    Plaintiff is the true and beneficial owner of one-hundred percent (100%) of all INC's stock, dividends, profits and distributions, which have been withdrawn, stolen, embezzled and/or misappropriated from INC by JOHN. By virtue of its position as the sole owner of INC, Plaintiff was and is entitled to receive all distributions, profits, dividends, and all other benefits of the ownership of 100% of the stock of INC.

90.    JOHN stole, embezzled, converted and/or misappropriated Plaintiff's shares of said stock, and the profits, dividends and distributions of INC, knowing that he had no right to retain, divert, embezzle and/or steal said funds and/or stock.

91.    JOHN's actions constitute positive, overt acts of conversion, embezzlement and misappropriation, wherein JOHN wrongfully exercised dominion and control over Plaintiff's funds, stock and other assets, which is inconsistent with, and adverse to Plaintiff's rights as the true owner of 100% of the stock of INC, as well as all distributions, profits, funds, and other assets of INC, and

JOHN acted with the intent to convert, embezzle and permanently deprive INC of same.

92.     JOHN's acts constitute conversion and wrongful deprivation of Plaintiff's funds, stock and other assets against Plaintiff, the true beneficial owner of said property.

93.     As a direct and proximate result of JOHN's conversion of Plaintiff's funds and stock in INC, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against JOHN for compensatory damages and pre- and post-judgment interest, award Plaintiff's costs, award attorneys' fees, and grant Plaintiff such other and further relief as this Court deems just and proper.

## COUNT VII – Breach of Contract

94.     This is an action for damages by Plaintiff against JOHN for breach of contract, which damages exceed $75,000.

95.     Plaintiff realleges Paragraphs 1 through 44 as if fully stated herein.

96.     Plaintiff, via its Shareholders, entered into a contract whereby JOHN agreed to form INC as a wholly owned subsidiary of Plaintiff, and be primarily responsible for Autoscores North American operations, through INC. Further, Plaintiff agreed to provide assets necessary for INC to conduct and grow its business, including without limitation, the Autoscores Software and JOHN's salary.

97.    Notwithstanding Plaintiff's full and complete performance in accordance with the parties' agreement, JOHN materially breached the contract by failing to incorporate INC as a wholly owned subsidiary of Plaintiff, declaring himself the sole shareholder of INC and its assets, and distributing INC's profits to himself and to the exclusion of Plaintiff and its Shareholders.

98.    As a direct and proximate result of JOHN's material breach of the contract, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against JOHN for damages, interest, and costs to the extent permitted by law, and for such further relief as is equitable and proper.

### COUNT VIII - Unjust Enrichment

99.    This is a claim brought by Plaintiff against Defendants, JOHN and INC, in the alternative in the event there is an infirmity with Plaintiff's claims at law.

100.    Plaintiff realleges Paragraphs 1 through 44 as if fully stated herein.

101.    Benefits in the form of funds, compensation or salary, the Software and other assets (collectively, "Benefits") were conferred by Plaintiff upon Defendants.

102.    Defendants knowingly accepted the Benefits conferred by Plaintiff.

103.    Defendants, having accepted and retained the Benefits, must compensate Plaintiff for the value of them.

104.    To allow Defendants to retain the Benefits without compensation will unjustly enrich Defendants.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, JOHN and INC, for damages, interest, and costs to the extent permitted by law, and for such further relief as is equitable and proper.

DATED this 3rd day of April, 2024.

**Winderweedle, Haines, Ward & Woodman, P.A.**

*/s/ Richard B. Weinman*
Richard B. Weinman, Esq.
Florida Bar No.: 0231370
Email: rweinman@whww.com
Claudia Greycyn Clark, Esq.
FL Bar No.: 1049193
Email: gclark@whww.com
Post Office Box 880
Winter Park, Florida 32790-0880
Phone: (407) 423-4246
*Attorneys for AUTOSCORES S.L.*